1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11 | JOSEPH WEBB,                          Case No. 1:15-cv-01705-SAB-HC

12 |         Petitioner,                   FINDINGS AND RECOMMENDATION
                                          RECOMMENDING DISMISSAL OF
13 |     v.                                PETITION FOR WRIT OF HABEAS
                                          CORPUS
14 | JERRY BROWN,[1]

15 |         Respondent.

16

17     Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

18 U.S.C. § 2241.

19                                          **I.**

20                                    **BACKGROUND**

21     On August 20, 2015, Petitioner filed the instant petition in the Northern District of

22 California. (ECF No. 1). Petitioner is awaiting trial in the Contra Costa County Superior Court to

23 determine whether he is a sexually violent predator subject to civil commitment under

24 California's Sexual Violent Predator Act ("SVPA").[2]  The Northern District of California found

25

---

26 [1] The Court notes that Petitioner has not named a proper Respondent, such as the warden of the facility in which he
is held or the chief officer in charge of state penal institutions. See Rule 2(a) of the Rules Governing Section 2254
27 Cases; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).
While the Court would generally give Petitioner an opportunity to amend the name of Respondent, amendment is
28 futile because the Court recommends that the petition be dismissed for nonexhaustion and abstention.
[2] Cal. Welf. & Inst. Code §§ 6600-6609.3.

1

that the preferable forum for § 2241 habeas petitions is the district of confinement. Petitioner is currently being held in Coalinga State Hospital in Coalinga, California, which is located in Fresno County. Accordingly, the action was transferred to this district. (ECF No. 8).

In the instant petition, Petitioner challenges the entire framework of commitment proceedings and argues that California's SVPA scheme violates the Double Jeopardy Clause. Petitioner also contends that abstention is not appropriate.

## II.

## DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases[3] allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Court will recommend dismissal of the petition without prejudice because it is wholly unexhausted and it is appropriate to abstain from the exercise of jurisdiction in this case pursuant to Younger v. Harris, 401 U.S. 37 (1971).

### B. Abstention

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). The Supreme Court has extended Younger to the civil context, but limited its application to the "three exceptional categories" set forth in New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350 (1989). Sprint, 134 S. Ct. at 591-92. Those three exceptional categories are: (1) "parallel, pending state criminal proceeding[s]," (2) "state civil proceedings that are akin to criminal prosecutions," and (3) state "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform

---

[3] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1   their judicial functions." Id. at 588.

2        In Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982),
3 the Supreme Court found Younger abstention to be appropriate in a civil action when (1) there is
4 "an ongoing state judicial proceeding," (2) the proceeding "implicate[s] important state
5 interests," and (3) "there is an adequate opportunity in the state proceedings to raise
6 constitutional challenges." Middlesex, 457 U.S. at 432. In addition to these three threshold
7 Middlesex requirements, the Ninth Circuit has articulated a "vital and indispensable fourth
8 requirement" that the federal "court's action would enjoin, or have the practical effect of
9 enjoining, ongoing state court proceedings." AmerisourceBergen Corp. v. Roden, 495 F.3d 1143,
10 1149 (9th Cir. 2007). Therefore, Younger abstention is proper only if all four requirements are
11 satisfied. Id.; see ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th
12 Cir. 2014). When a petitioner seeks injunctive or declaratory relief in a case requiring abstention
13 under Younger, dismissal is the appropriate procedural remedy. AmerisourceBergen, 495 F.3d at
14 1148.

15        The instant case falls within one of the three exceptional categories to which the Younger
16 doctrine extends as Petitioner is challenging his SVPA civil-commitment proceeding, which is a
17 state civil proceeding akin to a criminal prosecution. The Court finds that all four of the Younger
18 requirements are satisfied here. First, Petitioner's case in California state court is "ongoing,"
19 because it is apparent from the face of the petition that the SVPA proceeding was ongoing when
20 Petitioner filed the instant petition. See ReadyLink, 754 F.3d at 759 ("the date for determining
21 whether Younger applies is the date the federal action is filed"). Second, the SVPA proceeding
22 "implicates important state interests of protecting the public from sexually violent offenders and
23 providing such offenders with mental health treatment." Smith v. Plummer, 458 F. App'x 642,
24 643 (9th Cir. 2011); see People v. Allen, 44 Cal.4th 843, 857 (2008) ("The SVPA was enacted to
25 identify incarcerated individuals who suffer from mental disorders that predispose them to
26 commit violent criminal sexual acts, and to confine and treat such individuals until it is
27 determined they no longer present a threat to society."). Third, Petitioner has an adequate
28 opportunity in the state proceeding to raise constitutional challenges. See Penzoil Co. v. Texaco,

1 | 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford

2 | an adequate opportunity for consideration of constitutional claims "in the absence of

3 | unambiguous authority to the contrary"). Petitioner fails to demonstrate that his claims cannot be

4 | adequately addressed either in the pending SVPA proceeding in the Contra Costa County

5 | Superior Court (to the extent that the Contra Costa County Superior Court has not already

6 | addressed them), or on any direct appeal therefrom. Fourth, Petitioner's request that this Court

7 | order "that the State of California release Petitioner from confinement into an outpatient

8 | treatment program," (ECF No. 1 at 39[4]), would have the effect of enjoining the state SVPA

9 | proceeding.

10 |       Therefore, the <u>Younger</u> requirements are satisfied in the present case, and abstention is

11 | required "so long as there is no showing of bad faith, harassment, or some other extraordinary

12 | circumstance that would make abstention inappropriate." <u>Middlesex</u>, 457 U.S. at 435. <u>Younger</u>

13 | does not prohibit pretrial habeas review when the petitioner raises a colorable claim that the state

14 | proceeding will violate the Double Jeopardy Clause. <u>See</u> <u>Mannes v. Gillespie</u>, 967 F.2d 1310,

15 | 1312 (9th Cir. 1992). Although Petitioner claims the Court should hear this matter now because

16 | of double jeopardy concerns, Petitioner's double jeopardy claims are not colorable. In <u>Kansas v.</u>

17 | <u>Hendricks</u>, 521 U.S. 346 (1997), the United States Supreme Court held that involuntary

18 | confinement pursuant to Kansas's Sexually Violent Predator Act was not punitive and thus, did

19 | not violate the Double Jeopardy Clause or the *Ex Post Facto* Clause. <u>Hendricks</u>, 521 U.S. at 369.

20 | The California Supreme Court, applying <u>Hendricks</u>, has held that California's SVPA is not

21 | punitive and thus, does not violate federal or state *ex post facto* clauses. <u>Hubbart v. Superior</u>

22 | <u>Court</u>, 19 Cal.4th 1138, 1179 (1999). Based on the foregoing, Petitioner has not raised a

23 | colorable double jeopardy claim and has not made any showing of extraordinary circumstances

24 | that would render abstention inappropriate. Accordingly, as Petitioner's petition challenges his

25 | ongoing SVPA proceeding in state court, the Court should abstain from interfering with the state

26 | judicial process, and the petition must be dismissed.

27 | ///

28 | [4] Page numbers refer to the ECF page numbers stamped at the top of the page.

**C.  Exhaustion**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Ward, 678 F.3d at 1045.

Here, Petitioner indicates that certain pretrial motions have been filed with the Contra Costa County Superior Court, but does not set forth what issues were raised. (ECF No. 1 at 4). Petitioner has not pursued his claims in the state court of appeal or in the California Supreme Court. (Id. at 4-5). It appears from the face of the petition that Petitioner has failed to exhaust his state court remedies, and Petitioner has not established that exhaustion would be futile. Therefore, the petition must be dismissed.

**III.**

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition be DISMISSED without prejudice.  Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

///

///

///

///

///

///

///

///

///

///

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 29, 2016**__

UNITED STATES MAGISTRATE JUDGE